IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM D. DICKERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:11-CV-213 |
| ) | |
| BRAD SCHULTZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

William D. Dickerson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE #1.) For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Dickerson, a federal prisoner, filed this action in the U.S. District for the Southern District of Indiana on May 23, 2011. (DE #1.) On June 17, 2011, the case was transferred to this Court. (DE #4.)

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, a court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Dickerson alleges that officers from the Indiana State Police violated his Fourth Amendment rights in connection with a traffic stop and search that occurred in February of 2001 near Fort Wayne, Indiana. (DE #1 at 1-2.) It is apparent from the face of

the complaint that Dickerson's claim is time-barred.[1]  Fourth Amendment claims for false arrest or unlawful searches accrue at the time of the violation.  *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008).  Under applicable law Dickerson was required to bring his claim within two years of when it accrued.  *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims).  This case filed in 2011 is thus several years too late.

CONCLUSION

For the reasons set forth above, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: June 23, 2011**          /s/RUDY LOZANO, Judge
                                  **United State District Court**

---

[1] Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is "unmistakable" and "apparent from the complaint itself." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002); *see also Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP* , 559 F.3d 671, 674 (7th Cir. 2009) (dismissal on the basis of an affirmative defense is appropriate when the plaintiff includes information in his complaint pleading himself out of court).  That standard is clearly met here.