IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM D. DICKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-CV-213 |
| | ) |
| BRAD SCHULTZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

William D. Dickerson ("Dickerson"), a *pro se* prisoner, moves for reconsideration of the dismissal of his complaint pursuant to 28 U.S.C. § 1915A. (DE #10.) For the reasons set forth below, the motion (DE #10) is **DENIED**.

BACKGROUND

Dickerson, a federal prisoner, filed this action in the U.S. District for the Northern District of Indiana on May 23, 2011. (DE #1.) On June 17, 2011, the case was transferred to this Court. (DE #4.) On June 23, 2011, this Court dismissed the action pursuant to 28 U.S.C. § 1915A. (DE #7.) On June 30, 2011, Dickerson moved for reconsideration. (DE #10.)

DISCUSSION

As is fully explained in the order of dismissal, Dickerson's complaint pertaining to a traffic stop and seizure occurring in

February 2001 was dismissed as time-barred. (DE #7.) The bulk of Dickerson's motion to reconsider addresses the underlying merits of his claims (*see* DE #10 at 2-3), but the Court did not reach the merits since the claims were untimely. These arguments do not provide any basis for reinstating the case.

As to the timeliness issue, Dickerson points out that one of the defendants is a federal officer, and appears to argue that the two-year statute of limitations period applicable to claims brought under 42 U.S.C. § 1983 does not apply to the claim against him. (*See* DE #10 at 3.) This argument is unavailing, however, because *Bivens* actions brought against federal agents are subject to the same two-year limitations period as actions brought under 42 U.S.C. § 1983. *See Jackson v. Cotter*, 541 F.3d 688, 699 (7th Cir. 2008).

Dickerson further asserts that his claims against the state troopers "are not personal injury claims in the sense that matters[.]" (DE #10 at 3.) Seventh Circuit case law is to the contrary, however, and for purposes of the statute of limitations, constitutional tort claims are treated like personal injury claims. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period applicable to personal injury suits applies to claims brought under 42 U.S.C. § 1983).

Dickerson also appears to argue that his federal claims are based on a violation of INDIANA CODE § 35-33-5-5, a state law

governing disposition of seized property, which he believes changes the statute of limitations analysis. (*See* DE #10 at 2; *see also* DE #1 at 2-3.) To the extent that is what Dickerson is claiming, his allegations would not state an actionable claim under 42 U.S.C. § 1983 in any event. *See Campbell v. Chappelow*, 95 F.3d 576, 579-80 (7th Cir. 1996) (plaintiff's allegation that state trooper violated INDIANA CODE § 35-33-5-5 could not create liability under 42 U.S.C. § 1983); *see also Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right.") (citation omitted); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws . . . ."). In short, none of Dickerson's arguments present a viable basis for reinstating the case.

CONCLUSION

For the reasons set forth above, the motion to reconsider (DE #10) is **DENIED.**

**DATED: July 6, 2011**                 **/s/RUDY LOZANO, Judge**
                                                      **United States District Court**